IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ANA G. MARTINEZ | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. 06-1862(SEC) |
| | * | |
| COMMONWEALTH OF PUERTO RICO, ET AL | * | |
| | * | |
| | * | |
| Defendants | * | |

**************************************

**OPINION AND ORDER**

Pending before the Court is a Motion for Judgment on the Pleadings (Docket # 60) filed by Defendant the Commonwealth of Puerto Rico in conjunction with the Puerto Rico Fire Department (hereinafter "the Commonwealth" or "Defendant") , and Plaintiff Ana G. Martinez's (hereinafter "Ms. Martinez" or "Plaintiff") Opposition thereto. See Docket # 61. After reviewing the parties' motions and the applicable law, the Commonwealth's Motion for Judgment on the Pleadings (Docket # 24) will be **GRANTED IN PART AND DENIED IN PART.**

**Factual Background:**

On September 1, 2006, Plaintiff filed the above captioned complaint against the Commonwealth. Additionally, she filed an Amended Complaint (Docket # 10), and various motions to dismiss (Docket # 8 (declared moot), Docket # 17 (denied), and Docket # 48 (declared moot)), which were all denied or declared moot. On April 8, 2008, the Court granted Plaintiff the opportunity to file a Second Amended Complaint (Docket # 53), to

**Civil No. 06-1862(SEC)**

---

which the Commonwealth filed an answer on April 30, 2008, and a Motion for Judgment on the Pleadings. See Docket # 60.

The present suit is, in many ways related to Plaintiff's prior action, Ana G. Martinez v. Commonwealth of Puerto Rico, No 00-1468 (D.P.R. filed April 13, 2000), which was settled on July 8th, 2002. However, Plaintiff alleges that the pattern of harassment that led to her prior civil action did not cease with the settlement agreement. The acts leading to the Plaintiff's first action occurred at the Rio Piedras fire station. However, during the course of the prior action, Defendant transferred Plaintiff to the Trujillo Alto fire station. Docket 53-2 at ¶ 5.20. Plaintiff alleges that events that transpired after the settlement in the Trujilo Alto station, constitute new and discrete acts of retaliation and sexual harassment, which are proscribed under Title VII of the Civil Rights Act.

More specifically, Plaintiff alleges that upon her return to the Puerto Rico Fire Department, her working conditions deteriorated even further, she was subjected to retaliation, and continued acts of sexual harassment. Because of the acts described in her allegations, Ms. Martinez eventually felt unable to continue as an employee of the Puerto Rico Fire Department, and therefore resigned. See Docket # 53-2; Docket # 61 at 3. In turn, Defendant, contends that the present action should be dismissed on the basis of "*res judicata*/ collateral estoppel or issue preclusion. . ." See Docket # 60 at 2. This argument is predicated on the existence of the earlier settlement agreement between Plaintiff and the Commonwealth, which Defendant asserts bars all new actions. Id. at 8. Furthermore, Defendant alleges that the events described in the Second Amended Complaint, even those that occurred after the prior

**Civil No. 06-1862(SEC)**

---

settlement, are not actionable under Title VII. Id. at 9.

Accordingly, Defendant has filed a motion requesting judgement on the pleadings. The Court will address each party's arguments below.

**Standard of Review:**

*Fed. R. Civ. P. 12(c)*

Defendants have moved to dismiss this case under FED.R.CIV.P. 12( c ). This rule states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A judgment on the pleadings is not proper "unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." Id.(emphasis added). A motion for judgment on the pleadings uses the same standard as a motion to dismiss under FED.R.CIV.P. 12(b)(6). See Medina Pérez v. Fajardo, 257 F. Supp. 2d 467, 470-71 (D.P.R. 2003); see also Ad-Hoc Committee of Baruch Black & Hispanic Alumni Assoc. v. Bernard M. Baruch, 835 F. 2d 980, 982 (2nd Cir. 1987).

*Fed. R. Civ. P. 12(b)(6)*

Under Rule 12(b)(6) in assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears

**Civil No. 06-1862(SEC)**

_____

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957), quoted in, Davis v. Monroe County Bd. of Ed., 119 S. Ct. 1661, 1676 (1999); Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005)). Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007). Complaints do not need detailed factual allegations. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). However, factual allegations must be enough to raise a right to relief above the speculative level. Id. *Twombly* at 1965.

Although the standard of review under Fed. R. Civ. P. 12(c) and 12(b)(6) is generally limited to the facts stated on the face of the complaint, a court may also consider documents appended to the complaint, documents incorporated by reference, and matters of which judicial notice can be taken. See Allen v. Westpont-Pepperrel, Inc., 945 F. 2d 40, 44 (2nd Cir. 1991); Kramer v. Time Warner, 937 F. 2d 767 (2nd Cir. 1991).

**Applicable Law and Analysis:**

*Res Judicata/Collateral Estoppel*

Defendant argues that this suit is barred due to the 2002 settlement agreement. The First Circuit has described *res judicata* as a doctrine whereby an issue between identical parties that has been subject to a final judgement, or that should have been raised in the prior action, may not be litigated anew in the future. See Breneman v. Untited States ex rel.

**Civil No. 06-1862(SEC)**

---

F.A.A., 381 F.3d 33, 38 (1st Cir. 2004).  The First Circuit´s test for determining *res judicata* involves determining whether there has been, "a final judgment on the merits," "sufficient identicality between the causes," and "sufficient identicality between the parties." Id. (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)); See also Gonzalez-Piña v. Rodriguez, 407 F.3d 425, 429 (1st Cir. 2005).

> Collateral estoppel is a very similar issue to *res judicata*. It requires:
>
> (1) an identity of issues (that is, that the issue sought to be precluded is the same as that which was involved in the prior proceeding), (2) actuality of litigation (that is, that the point was actually litigated in the earlier proceeding), (3) finality of the earlier resolution (that is, that the issue was determined by a valid and binding final judgment or order), and (4) the centrality of the adjudication.

Gonzalez-Piña, 407 F.3d at 430 (quoting Fagain v. Kelly, 184 F.3d . 67, 78 (1st Cir. 1999)). As such, both collateral estoppel and *res judicata* bar Plaintiff from presenting claims against the Commonwealth based on the issues involved in the 2002 settlement agreement between the parties. However, Plaintiff is not barred from brining a claim based on new conduct occurring after the settlement agreement that was "broader or more far reaching" than the events leading to the prior settlement. Id. (quoting Walsh v. Int´l Longshoremen´s Ass´n, AFL CIO, Local 799, 630 F.2d 864, 873 (1st Cir. 1980)).

Ms. Martinez´s Second Amended Complaint prays for enforcement of the 2002 settlement. *Res judicata* and collateral estoppel bar this claim, because a final judgment has been entered, between identical parties, and on identical issues. However, the Second Amended Complaint also brings claims for allegedly discriminatory and retaliatory events

**Civil No. 06-1862(SEC)**

---

occurring in the years following the 2002 judgment. Furthermore, Plaintiff alleges that after June 2002, her supervisors and co-workers made the work environment so emotionally untenable that she felt forced to resign on July 9, 2007.

The Court finds that Plaintiff´s claims based on violations of the 2002 settlement, and all events occurring before July 8, 2002 (the date judgment was entered), are barred by both *res judicata* and collateral estoppel. These issues are hereby **DISMISSED**. Nevertheless, *res judicata* and collateral estoppel should not apply to controversies surrounding those events occurring after July 8, 2002, in as much as the could constitute new and discrete violations of Plaintiff´s rights.

**Plaintiffs Post Settlement Claims**

Besides its *res judicata* and collateral estoppel arguments, the Commonwealth asserts that Plaintiff´s claims of retaliation and sexual harassment after the 2002 settlement do not constitute actionable violations of the law.  With regards to the post-2002 sexual harassment allegations, Defendant argues that Plaintiff only alleges a single sexually improper incident occurring after the settlement, and that this is insufficient to support her claim of a hostile work environment. Docket # 60 at 8 (citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 271 (2001)).  Notwithstanding, Plaintiff presents a series of other incidents, which include sexually explicit drawings (Docket # 53-2, ¶ 5.46), and the repeated vandalizing of her bathroom (Docket # 53-2, ¶ 5.44 & 5.43).

Title VII of the Civil Rights Act, "makes it an unlawful employment practice to discriminate against any individual with respect to his compensation, terms, conditions, or

**Civil No. 06-1862(SEC)**

privileges of employment, because of such individual's . . . sex." See 42 U.S.C. § 2000e-2(a)(1); see also Harris v. Forklift, 510 U.S. 17, 20 (1993). The most important aspect of a sexual harassment claim based on a hostile work environment is whether the "work environment is severely abusive, subjectively and objectively." Rodriguez-Robles v. Pfizer Pharmaceuticals, LLC, 561 F.Supp.2d 180, 185 (D.P.R. 2008) (paraphrasing Rivera-Martinez v. Commonwealth of Puerto Rico, No. 05-2605, slip op. at 2, 2007 W.L. 16069 (1st Cir. 2007).

Furthermore, "although there is no mathematically precise test, in order to determine whether an environment is hostile or abusive, the Court must look at all the circumstances, which may include: (1) the frequency of the discriminatory conduct, (2) its severity, (3) whether it is physically threatening or humiliating, (4) whether it was just a mere utterance, and (5) whether it unreasonably interferes with an employee's work performance." Rodriguez-Robles, 561 F. Supp. 2d. at 185; see also Harris, 510 U.S. at 23 (1993); Marrero v. Goya of Puerto Rico, 304 F. 3d 7, 18-19(1st Cir. 2002); Lee-Crespo v. Schering-Plough del Caribe, Inc., 354 F. 3d 34, 46 (1st Cir. 2003); Pomales v. Celulares Telefónica, Inc., 447 F. 3d 79, 83 (1st Cir. 2006). Harassing conduct can constitute unwelcome conduct motivated by sexual desire, or differential treatment towards an employee because of her sex. Rivera-Martínez, 2007 WL 16069 at p. 3. Plaintiff's allegations, if true, depict a highly uncomfortable work situation, which could reasonably be construed as severely abusive. As such, those claims based on Plaintiff's allegations of a hostile work environment continuing after the 2002 settlement cannot be dismissed at this juncture.

**Civil No. 06-1862(SEC)**

---

Moreover, the Commonwealth argues that Plaintiff has not pled sufficient facts to establish a retaliation claim under Title VII. A prima facie case of retaliation under Title VII requires for a Plaintiff to show that: "(1) she engaged in protected activity; (2) she suffered some materially adverse action; and (3) the adverse action was causally linked to her protected activity." Dixon v. Int'l Bhd. Of Police Officers, 504 F.3d 73, 81 (1st Cir. 2007). With regards to Plaintiff's allegations of retaliation, her claim is predicated on having filed of various other discrimination complaints, which were allegedly ignored by her superiors, who used Ms. Martinez as a scape goat (Docket # 53-2, ¶ 5.26), threatened that she would not be promoted (Docket # 53-2, ¶ 5.27), made unfounded charges that she took unauthorized leaves of absence (Docket # 53-2, ¶ 5.49-50), and began an internal investigation against her for reporting an alleged act of sexually improper conduct by another employee (Docket # 53-2, ¶ 5.54).

The Court is satisfied that these facts demonstrate a *prima facie* pattern of retaliation, as they suggest that Plaintiff was singled out due to her complaints against male fire fighters.

Therefore, the Court shall **DENY** the Commonwealth's Motion for Judgment on the Pleadings, in as much as the Second Amended Complaint contains allegations that are sufficient to sustain Title VII claims for sexual harassment and retaliation claims new and independent from those covered in the 2002 settlement.

**Conclusion:**

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings is hereby **GRANTED in part and DENIED in part**. Plaintiff's claims for enforcement of

**Civil No. 06-1862(SEC)**

---

the 2002 settlement agreement shall be **DISMISSED with prejudice.** However, the Motion for Judgment on the Pleadings is **DENIED** for Plaintiff's claims originating from subsequent conduct after the 2002 settlement agreement.

      **SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of January, 2009.

                      S/ *Salvador E. Casellas*

                      SALVADOR E. CASELLAS

                      U.S. Senior District Judge